AARON D. FORD
  Attorney General
NATHAN M. CLAUS (Bar No. 15889)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-7629 (phone)
(702) 486-3773 (fax)
Email: nclaus@ag.nv.gov

*Attorneys for Defendants*
*Scott Davis, James Dzurenda, Mario Castro,*
*Timothy Garrett, Brian Williams,*
*Kara LeGrand, and Harold Wickham*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD GARREN, | Case No.  3:23-cv-00141-MMD-CSD |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT ECF NO. 11 JURY TRIAL DEMANDED** |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Defendants, Scott Davis, James Dzurenda, Mario Castro, Timothy Garrett, Brian Williams, Kara LeGrand, and Harold Wickham, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Nathan M. Claus, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby demands a jury trial and answers Plaintiff's Complaint as follows:

**A.      JURISDICTION**

1.      In answering paragraph 1, on page 1, of Plaintiff's complaint, the responding Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis.

2.      In answering paragraph 2, on page 1, of Plaintiff's complaint, the responding Defendants deny that Plaintiff is currently housed at Lovelock Correctional Center (LCC) but admit that at the time of the filing of the complaint, Plaintiff was housed at LCC.

3.      In answering paragraphs 3, on page 1, of Plaintiff's complaint, the responding Defendants deny that any violation occurred at LCC.

## B.      DEFENDANTS

1.      In answering paragraph 1, on page 2, of Plaintiff's complaint, the responding Defendants admit that James Dzurenda was formerly employed by NDOC as the Director of Nevada Department of Corrections and is again currently employed by NDOC as the Director. Defendants deny all remaining allegations in this paragraph.

2.      In answering paragraph 2, on page 2, of Plaintiff's complaint, the responding Defendants admit that Scott Davis is employed by NDOC as an Institutional Chaplin at LCC. Defendants deny all remaining allegations in this paragraph.

3.      In answering paragraph 3, on page 2, of Plaintiff's complaint, the responding Defendants admit that Mario Castro, believed to be sued as "M. Castro" is employed by NDOC as a Correctional Caseworker Specialist 2 at LCC. Defendants deny all remaining allegations in this paragraph.

4.      In answering paragraph 4, on page 2, of Plaintiff's complaint, the responding Defendants admit that Timothy Garrett was formerly employed by NDOC as a Warden at LCC. Defendants deny all remaining allegations in this paragraph.

5.      In answering paragraph 5, on page 2, of Plaintiff's complaint, the responding Defendants admit that Brian Willaims is employed by NDOC as the Deputy Director of Programs at NDOC. Defendants deny all remaining allegations in this paragraph.

6.      In answering paragraph 6, on page 3, of Plaintiff's complaint, the responding Defendants admit that Harold Wickham was formerly employed by NDOC as the Deputy Director of Programs at NDOC. Defendants deny all remaining allegations in this paragraph.

7. In answering paragraph 7, on page 3, of Plaintiff's complaint, the responding Defendants admit that Kara LeGrand is employed by NDOC as the Associate Warden of Programs at LCC. Defendants deny all remaining allegations in this paragraph.

### C.    NATURE OF THE CASE

The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

### D.    CAUSES OF ACTION

### Claim I

1. In answering paragraphs 1-3, on page 4 of Plaintiff's complaint, the answering Defendants deny each and every allegation contained in these paragraphs.

2. The answering Defendants respond to the allegations contained in paragraph 4, on pages 3 – 5 as follows:

1. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

2. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

3. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

4. The answering Defendants admit that Plaintiff submitted grievance 2006-31-34248 on February 14, 2022, addressing Plaintiff's concerns with LCC's religious activities.

5. The answering Defendants admit that Plaintiff appealed grievance 2006-31-34248 to the first and second level. The answering Defendants deny that Plaintiff did not receive a response to his second level appeal.

6. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

7. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

8. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

**Claim II**

1. In answering paragraphs 1-3, on page 6, of Plaintiff's complaint, the answering Defendants deny each and every allegation contained in these paragraphs.

2. The answering Defendants respond to the allegations contained in paragraph 4, on pages 6 – 8 as follows:

1. The answering Defendants admit that Administrative Regulation 810 requires evidence of tribal status to engage in certain activities. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

2. The answering Defendants admit each and every allegation contained in this paragraph.

3.  The answering Defendants deny each and every allegation contained in this paragraph.

4.  The answering Defendants admit that Plaintiff submitted grievance 2006-31-37247, addressing Plaintiff's concerns with AR 810. The answering Defendants deny each and every remaining allegation contained in this paragraph.

5.  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

6.  The answering Defendants deny each and every allegation contained in this paragraph.

7.  The answering Defendants admit that Deputy Director Willaims denied the second level appeal for grievance 2006-31-37247. The answering Defendants deny each and every remaining allegation contained in this paragraph.

8.  The answering Defendants deny each and every allegation contained in this paragraph.

**Claim III**

1.  In answering paragraphs 1-3, on page 9, of Plaintiff's complaint, the answering Defendants deny each and every allegation contained in these paragraphs.

2.  The answering Defendants respond to the allegations contained in paragraph 4, on pages 9 – 14 as follows:

1.  The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

2. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

3. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

4. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

5. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

6. The answering Defendants admit that Plaintiff submitted a kite about the sweat lodge ceremonies at LCC and that Associate Warden LeGrand responded to it. The answering Defendants deny each and every remaining allegation contained in this paragraph.

7. The answering Defendants admit that Plaintiff submitted grievance 2006-31-41341, addressing access to the Native American Land for religious ceremonies. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

8. The answering Defendants admit that grievance 2006-31-41341 was responded at the informal level by Mario Castro, Timothy Garrett at the

first level, and Harold Wickham at the second level. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

9.  The answering Defendants deny each and every allegation contained in this paragraph.

10. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

11. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

12. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

13. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

14. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

15. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this

paragraph, and therefore denies each and every allegation made in this paragraph.

16. The answering Defendants deny each and every allegation contained in this paragraph.

17. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

18. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

19. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

20. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

21. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

22. The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

23. The answering Defendants deny each and every allegation contained in this paragraph.

24. The answering Defendants deny each and every allegation contained in this paragraph.

### E.    Previous Lawsuits

The answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

### F.    REQUESTS FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief set forth in his Request for Relief on page 6 of the complaint.

Each and every allegation in Plaintiff's complaint not specifically admitted is hereby denied.

### <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

Defendants deny any and all liability in this matter and assert the following affirmative defenses:

1.     Plaintiff has failed to state a claim for which relief can be granted.

2.     Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

3.     At all times mentioned in Plaintiff's Complaint, Defendants did not personally participate in any of the alleged violations and/or were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

4.     Defendants are not legally responsible for the actions and/or omissions of other third parties.

5.     Defendants are entitled to qualified immunity.

6.     Defendants are entitled to discretionary act immunity.

7.      Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

8.      Plaintiff's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate his damages, therefore barring or diminishing his ability to recover.

9.      Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243, and NDOC Administrative Regulation (AR) 740.

10.     Defendants held an objective good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

11.     There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

12.     Defendants at all relevant times acted with due care and circumspection in the performance of their duties.

13.     Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

14.     Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

15.     Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

16.     Defendants at all relevant times acted in good faith toward Plaintiff and possessed a good faith belief that he was acting reasonably, and that his actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

17.     Plaintiff is barred from seeking punitive damages pursuant to Nevada law.

18.     Plaintiff is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

19.    Each purported claim for relief is barred by the doctrines of *res judicata* and/or collateral estoppel.

20.    Each purported claim for relief is barred as Plaintiff is estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

21.    Plaintiff's claims for relief are barred by the applicable statute of limitations.

22.    Each purported claim for relief is barred as Defendants are not legally responsible for the actions and/or omissions of third-parties, including but not limited to other named or Doe Defendants.

23.    Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

24.    Plaintiff's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

25.    Plaintiff is barred from receiving Court costs arising under 42 USC 1988 and 1997e.

26.    Plaintiff is not entitled to prejudgment interest from the date of filing of his initial Complaint.

27.    Plaintiff has failed to provide for any cognizable damages.

28.    Plaintiff's claims are barred, all or in part, because Defendants did not breach any duty owed to Plaintiff.

29.    Plaintiff's claims are barred, all or in part, due to a failure to satisfy a condition precedent.

30.    Plaintiff's claims are barred because, at all relevant times, Defendants acted in accordance with applicable law and prison procedures.

31.    Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. In the event further investigation or discovery reveals the applicability of any additional defenses, including but not limited to those affirmative defenses identified in Rule 8 of the

Nevada Rules of Civil Procedure, Defendants reserve the right to amend this Answer to specifically assert such additional affirmative defenses.

**DEFENDANTS' PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for judgment and relief of this Court as follows:

      1.     That Plaintiff's Complaint be dismissed with prejudice;

      2.     That Plaintiff take nothing by virtue of his Complaint;

      3.     For Defendants' attorneys' fees and costs of suit;

      4.     A jury trial is demanded; and

      5.     For such other relief as this Court may deem just and proper.

DATED this 15th day of April, 2024.

AARON D. FORD
Attorney General

By: /s/ Nathan M. Claus
     NATHAN M. CLAUS (Bar No. 15889)
     Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 15, 2024, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT ECF NO. 11 JURY TRIAL DEMANDED** via this Court's electronic filing system.  Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

Ronald Garren
Parkway Lodge
49 Park Street
Apt. 30
Reno, Nevada 89502

/s/ Andrea Beckett
ANDREA BECKETT, an employee of the
Office of the Nevada Attorney General