AARON D. FORD
  Attorney General
NATHAN M. CLAUS (Bar No. 15889)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-7629 (phone)
(702) 486-3773 (fax)
Email: nclaus@ag.nv.gov
*Attorneys for Defendants*
*Scott Davis, James Dzurenda, Mario Castro,*
*Timothy Garrett, Brian Williams,*
*Kara LeGrand, and Harold Wickham*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD GARREN,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00141-MMD-CSD<br><br>ORDER GRANTING<br>**UNOPPOSED MOTION TO STAY THE CASE ANOTHER 90 DAYS**<br>**[Second Request]** |

Defendants, Scott Davis, James Dzurenda, Mario Castro, Timothy Garrett, Brian Williams, Kara LeGrand, and Harold Wickham, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Nathan M. Claus, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby *Unopposed Motion to Stay the Case Another 90 Days*. This Motion is based upon the following Memorandum of Points and Authorities and all other pleadings and files contained herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff filed this case alleging violations of his constitutional rights.[1] Defendants have accepted service.[2] On or around March 16, 2024, Mr. Garren was released from Lovelock Correctional Center (LCC).

---

[1] ECF No. 11.
[2] ECF No. 29.

Page **1** of **4**

On April 24, 2024, Plaintiff and Defendants submitted a joint stipulation to stay the case for 90 days.[3] The Court granted this request for a stay on April 26, 2024, and stayed the case.[4] The Court has currently set this matter for a Mandatory Telephonic Case Management Conference on August 7, 2024.[5]

## II. APPLICABLE LAW FOR MOTION TO STAY DISCOVERY

Courts have broad discretionary power to control discovery.[6] "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."[7] Instead, a party seeking to stay discovery carries the burden of making a strong showing why discovery should be denied.[8]

In deciding whether to grant a stay of discovery, the court is guided by the objectives of Fed. R. Civ. P. 1 to ensure a "just, speedy, and inexpensive determination of every action."[9] Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.[10]

## III. ARGUMENT TO STAY DISCOVERY

On July 16, 2024, Plaintiff called counsel for Defendants seeking a 90-day extension of the stay.[11] Plaintiff is working on getting counsel for this case and needs more time to complete this process. In addition, Plaintiff will complete certification required for a new job within the next 30 days. Counsel for Defendants informed Plaintiff that the Office of the Attorney General will be moving their office location in the next 30 days and will likely have delays with any discovery requests should the case proceed forward. Plaintiff does not have an email address and communicate with each other via phone calls and through the mail, so the only way for the parties to share documents is through the mail. Based on the

---

[3] ECF No. 34.
[4] ECF No. 35.
[5] ECF No. 36.
[6] *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).
[7] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).
[8] *See, e.g., Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F. R. D. 554, 556 (D. Nev. 1997).
[9] *Tradebay*, 278 F. R. D. at 602–03.
[10] *Little*, 863 F.2d at 685 (noting a stay of discovery furthered the goal of efficiency where a party had moved for judgment on the ground of qualified immunity).
[11] If the Court requires a declaration in support of these, one can be provided.

above conditions, the parties agreed the most effective way for them to make their request for this stay was for defendants to file the initial request. Plaintiff indicated that he did not oppose this request and gave permission to state so in this motion.

The parties agreed that a 90-day stay would be beneficial for this case and will further the goal of efficiency for this Court and the parties. Further, there is no discovery order from the Court yet, so there are no deadlines that will need to be moved. Thus, this Court should stay the case for 90 days.

### IV.  CONCLUSION

Defendants respectfully request this Court grant their motion to stay the case for another 90 days.

DATED this 16th day of July, 2024.

        AARON D. FORD
        Attorney General

        By: /s/ Nathan M. Claus
            NATHAN M. CLAUS (Bar No. 15889)
            Deputy Attorney General

        *Attorneys for Defendants*

IT IS SO ORDERED.

DATED: July 18, 2024.

_____
Craig S. Denney
United States Magistrate Judge