AARON D. FORD
  Attorney General
SAMUEL L. PEZONE (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD GARREN, | Case No.  3:23-cv-00141-MMD-CSD |
| Plaintiff, | ORDER GRANTING **DEFENDANT'S MOTION FOR EXTENSION OF THE DEADLINE TO FILE DISPOSITIVE MOTIONS** |
| v. | |
| JAMES DZURENDA, *et al.*, | **[SECOND REQUEST]** |
| Defendants. | |

Defendants, Scott Davis, James Dzurenda, Mario Castro, Timothy Garrett, Brian Williams, Kara LeGrand, and Harold Wickham, hereby requests an extension of the current deadline to file dispositive motions. This is Defendant's second request for an extension of the subject deadline.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      LEGAL STANDARD**

To prevail on a motion to extend previous scheduling order deadlines, the moving party must show "good cause." Fed. R. Civ. P. 16(b)(4); LR 26-3. To demonstrate good cause, the party must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-10-03997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

Page **1** of **3**

## II.    ARGUMENT

Defendant seeks an extension of the deadline to file dispositive motions. Good cause is present for an additional 45-day extension of this deadline, until July 17, 2026.

Defendants sought and were granted a first extension of the subject deadline due to undersigned counsel's ill health and doubling caseload. Counsel's health has improved, but his caseload has not; undersigned counsel has still been unable to begin a draft of Defendants' summary judgment motion, and upcoming deadlines will prevent him from doing so within the next month. An extension to July 17, 2026, may allow undersigned counsel adequate time to draft and finalize Defendant's dispositive motion. Plaintiff will likely not be prejudiced by this extension.

Accordingly, Defendant respectfully requests that the extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

## III.    CONCLUSION

Defendant requests an extension of time until July 17, 2026, to file Defendant's dispositive motion. Good cause is present to extend this deadline.

DATED this 1st day of June, 2026.

> AARON D. FORD
> Attorney General
>
> By: /s/ Samuel L. Pezone, Jr.
> SAMUEL L. PEZONE, JR. (Bar No. 15978)
> Deputy Attorney General
> *Attorneys for Defendants*

IT IS SO ORDERED.

DATED: June 2, 2026.

_____
Craig S. Denney
United States Magistrate Judge